**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2205**

BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND,

        Plaintiff - Appellant,

    v.

LANE & RODERICK, INC.,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:17-cv-00295-LMB-JFA)

Submitted: July 30, 2018                 Decided: September 4, 2018

Before NIEMEYER and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marc H. Rifkind, Alexander M. Gormley, SLEVIN & HART, P.C., Washington, D.C., for Appellant. Kevin M. Williams, B. Patrice Clair, FORDHARRISON LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Board of Trustees of the Sheet Metal Workers' National Pension Fund (the "Fund") appeals the district court's order denying its motion for summary judgment and affirming the arbitrator's award. The arbitrator found, in relevant part, that certain rent accrued by Lane & Roderick, Inc. ("L&R"), as a liability was a bona fide debt and not an equity contribution for purposes of withdrawal liability under section 4225(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1405(a) (2012). The Fund contends that the accrued rent was not a bona fide debt and was instead an equity contribution. We affirm.

We review de novo a district court's grant or denial of summary judgment. *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 314 (4th Cir. 2017). A court must grant summary judgment for the moving party when that party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), an arbitrator's factual findings are presumed to be correct. 29 U.S.C. § 1401(c) (2012); *see Freight Drivers & Helpers Local Union No. 557 Pension Fund v. Penske Logistics LLC*, 784 F.3d 210, 216 (4th Cir. 2015). Nevertheless, and in contrast to most arbitration proceedings, under the MPPAA, an arbitrator's "decision is subject to judicial review." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. BES Servs., Inc.*, 469 F.3d 369, 375 (4th Cir. 2006); *see Penske Logistics LLC*, 784 F.3d at 216-17. In particular, we review an

2

MPPAA arbitrator's factual findings for clear error and legal conclusions de novo. *BES Servs., Inc.*, 469 F.3d at 375.

We review for clear error a factfinder's determination that a particular financial transaction is a debt or an equity contribution.[*] *Rd. Materials, Inc. v. Comm'r*, 407 F.2d 1121, 1124-25 (4th Cir. 1969); *see also Hewlett-Packard Co. v. Comm'r*, 875 F.3d 494, 497 (9th Cir. 2017). Under this standard, we may not reverse simply because "we would have reached a different result had we considered the question in the first instance." *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 885 F.3d 271, 279 (4th Cir. 2018). Instead, to find clear error, we must have "a definite and firm conviction that a mistake has been committed." *Id.*

In determining whether a transaction is properly classified as a bona fide debt or as an equity contribution, courts apply an 11-factor test:

> (1) the names given to the instruments, if any, evidencing the indebtedness; (2) the presence or absence of a fixed maturity date and schedule of payments; (3) the presence or absence of a fixed rate of interest and interest payments; (4) the source of repayments; (5) the adequacy or inadequacy of capitalization; (6) the identity of interest between the creditor and the stockholder; (7) the security, if any, for the advances; (8) the corporation's ability to obtain financing from outside lending institutions; (9) the extent to which the advances were subordinated to the claims of outside creditors; (10) the extent to which the advances were used to acquire capital assets; and (11) the presence or absence of a sinking fund to provide repayments.

---

[*] The Fund argues in its reply brief that the proper standard of review is de novo because, it contends, the district court did not apply the applicable 11-factor test. However, "it is a well settled rule that contentions not raised in the argument section of the *opening brief* are abandoned. An appellant cannot remedy the situation by raising the issue in his reply brief." *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 249 (4th Cir. 2013) (brackets, citation, and internal quotation marks omitted).

3

*Fairchild Dornier GmbH v. Official Comm. of Unsecured Creditors* (*In re Dornier Aviation (N. Am.), Inc.*), 453 F.3d 225, 233 (4th Cir. 2006) (internal quotation marks omitted). "These factors all speak to whether the transaction appears to reflect the characteristics of an arm's length negotiation." *Id.* at 234 (alteration and internal quotation marks omitted). "This test is a highly fact-dependent inquiry," and no single factor is dispositive. *Id.* Importantly, "insider status . . . alone will normally be insufficient to support . . . recharacterization" because, "[i]n many cases, an insider will be the only party willing to make a loan to a struggling business, and recharacterization should not be used to discourage good-faith loans." *Id.* Ultimately, "[t]he balancing of the relevant factors depends upon the unique circumstances of each case." *Cenex, Inc. v. United States*, 156 F.3d 1377, 1382 (Fed. Cir. 1998) (internal quotation marks omitted).

Our consideration of the factors convinces us that the arbitrator did not clearly err in finding that the accrued rent was a bona fide debt and not an equity contribution. Thus, we conclude that the district court did not err in affirming the arbitrator's decision. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*